IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANIEL HOLT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| **FOOT LOCKER RETAIL, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Foot Locker Retail, Inc. (hereafter "Foot Locker"), through counsel, hereby removes the above-referenced case from the District Court of Geary County, Kansas to the United States District Court for the District of Kansas. In support, Foot Locker states as follows:

### Background

1. Plaintiff commenced this action on or about April 29, 2021, by filing a Complaint for Damages in the District Court of Geary County, Kansas entitled "Daniel Holt, Pltf. vs. Foot Locker Retail, Inc., Dft.," Docket No. GE2021CV000078.

2. Plaintiff served the Summons and Petition on Foot Locker on or about May 21, 2021. A copy of the Summons and Petition are attached hereto as Exhibit A.

3. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

4. Plaintiff asserts a claim of retaliation for whistleblowing in violation of Kansas Common Law ("Count I – Retaliation for Whistleblowing Kansas Common Law", Compl. ¶¶ 8-20).

## Diversity Jurisdiction

**A.   Complete Diversity Exists.**

5. According to the Complaint, Plaintiff "is a resident of the state of Kansas." Upon belief, Plaintiff is both a resident and a citizen of the State of Kansas. (Compl. ¶ 1).

6. Defendant Foot Locker is a New York corporation with its principal place of business located in New York. Although Foot Locker conducts business in Kansas, it does not have its principal place of business in Kansas.

7. Consequently, Plaintiff is a citizen of Kansas, and Foot Locker is a citizen of New York.

**B.   The Amount in Controversy Exceeds $75,000.**

8. Plaintiff seeks "damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish." (Compl. ¶ 20).

9. Even though Plaintiff did not specify the numerical value of the damage claim, the Court can make a determination by "reading the face of the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

10. It is clear from the face of the Complaint that the amount in controversy will exceed $75,000, as Courts have typically awarded damages for such claims far in excess of $75,000. *See Townley v. Servicemaster Company, LLC*, 2017 WL 4843296, at *9 (D. Kan. Oct. 25, 2017) (awarding damages on retaliation claim in the amount of $165,661.68 for back pay, front pay, and emotional distress); *Ramirez v. IBP, Inc.*, 950 F. Supp. 1074, 1080 (D. Kan. 1996) (awarding damages on retaliation claim in the amount of $82,125.00 for lost wages and emotional

distress); *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098 (10th Cir. 1998) (affirming judgment in favor of a former employee on retaliation claim where the former employee was awarded $85,000 in compensatory damages for emotional distress).

### All Other Requirements For Removal Have Been Met

11. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Kansas is the appropriate court for filing a Notice of Removal from the District Court of Geary County, Kansas, where the action was filed. *See* 28 U.S.C. § 96.

12. This Notice of Removal is being filed within thirty (30) days of Foot Locker's receipt of the initial pleading by service or otherwise, setting forth the claim for relief upon which this action is based and upon which it could first be ascertained that this case is removable. This Notice is therefore timely filed pursuant to 29 U.S.C. § 1446.

13. Copies of all pleadings, process and orders served upon Defendant Foot Locker in this action are attached as Exhibit A in accordance with 28 U.S.C. § 1446(a).

14. Promptly after filing this Notice of Removal, Defendant Foot Locker will file a Notice of Filing of Notice of Removal, along with a copy of the Notice of Removal, with the Clerk of the District Court of Geary County, Kansas and will serve written notice of the same on Plaintiff, all in accordance with 28 U.S.C. § 1446(d).

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process;

(4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendant Foot Locker gives notice that this action is removed from the District Court of Geary County, Kansas to the United States District Court for the District of Kansas.

Dated: June 11, 2021

Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Ashley N. Harrison
Ashley N. Harrison, D. Kan. #78667
 MO Bar #66202
William C. Martucci, D. Kan. #70145
 MO Bar #28237
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
aharrison@shb.com
wmartucci@shb.com
ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, a true and complete copy of the foregoing was sent via U.S. mail to the following counsel of record:

THORNBERRY BROWN, LLC,
Randall W. Brown
Stephen C. Thornberry
4550 Main Street, Suite 205
Kansas City, Missouri 64111

/s/ Ashley N. Harrison
ATTORNEY FOR DEFENDANT