## IN THE UNITED STATES DISTRCIT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DANIEL HOLT ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case Number: 5:21-cv-04039-JWB-GEB** |
| | ) | |
| **FOOT LOCKER RETAIL, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## FOOT LOCKER RETAIL, INC.'s SUGGESTIONS IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Foot Locker Retail, Inc., ("Foot Locker") respectfully request this Court grant its Motion for Judgment on the Pleadings, and enter judgment in Foot Locker's favor. On the face of the pleadings, it is clear that the law that Hr. Holt claims Foot Locker violated is insufficient to support a claim of whistleblower relation under Kansas law as it does not relate to public health, safety, and general welfare. As Mr. Holt does not plead facts sufficient to state a claim for whistleblower relation, judgment should be awarded in favor of Foot Locker.

### I.      STATEMENT OF THE FACTS

Mr. Holt was employed by Foot Locker from December 2013 to May 25, 2020.[1] He served as the Senior Director of Operations of the Foot Locker distribution center in Geary County, Kansas.[2]  From September of 2018 to his employment termination in May of 2020, Mr. Holt alleges Foot Locker routinely asked him and his team to enter transactions that failed to accurately account for inventory and misrepresented the company's assets and liabilities. [3] Mr. Holt alleges

---

[1] Plaintiff First Amended Complaint ¶ 15.
[2] *Id.* at ¶ 2, 7.
[3] *Id*. at ¶ 9.

he first reported violations to the Director of Internal Controls in September 2018.[4] In December 2019, Mr. Holt alleges he addressed the concern to the Senior Vice Present of Supply Chain (his supervisor) and the Human Resources Director.[5] In March 2020 and April 2020 Mr. Holt alleges he again reported the alleged improper inventory transactions to his supervisor.[6] Mr. Holt claims his employment was improperly concluded in violation of Kansas whistleblower law for reporting violations by Foot Locker of K.S.A. 17-12a505 and K.S.A. 17-12a501.[7] Mr. Holt subsequently filed this action against Foot Locker in May 2020.[8]

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the motion is to be decided on the well-pleaded facts in the pleadings and should not consider matters outside the pleadings. *See Mount St. Scholastica, Inc. v. City of Atchison, Kansas*, 482 F. Supp. 2d 1281 (D. Kan. 2007). It is well-settled the "pleadings" primarily consist of the Complaint and Answer. *See* Fed. R. Civ. P. 7(a); *Jackson v. Simmons*, No. 98-3230-KHV, 2000 U.S. Dist. LEXIS 20688 at *9-10 (D. Kan. Nov. 17, 2000). In this context, the court accepts all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Beck v. City of Muskogee Police Dep't*, 196 F. 3d 553, 556 (10th Cir. 1999). The standard of review for a motion for judgment on the pleadings is similar to the standard for considering a motion to dismiss under 12(b)(6). *See Aspenwood Inv. Co. v. Martinez*, 355 F. 3d 126, 1259 (10th Cir. 2004). A motion for judgment on the pleadings is granted when the movant has established that there are no material facts to be

---

[4] *Id.* at ¶ 11.
[5] *Id.* at ¶ 12.
[6] *Id.* at ¶ 14, 15.
[7] *Id.* at ¶ 9
[8] *Id.* at ¶ 16.

resolved and that the movant is entitled to judgment as a matter of law. *EEOC v. UPS*, 319 F. Supp. 3d 1237, 1240 (D. Kan. 2018).

### III.   ARGUMENT

To state a claim for retaliatory discharge under Kansas Law, a plaintiff must first prove a prima facie case of retaliation. *Eckman v. Superior Industries Int'l Inc.,* No. 05-2318, 2007 WL 1959199, at *6 (D. Kan. July 2, 2007); *Conrad v. Board of Johnson County Commr's*, 237 F. Supp. 2d 1204, 1266 (D. Kan. 2002). The elements of a retaliatory discharge for whistle-blowing are: (1) a reasonably prudent person would conclude the employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; (2) the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and (3) the employee was discharged in retaliation for making the report. *Palmer v. Brown*, 242 Kan. 893, 752 P.2d 685 (1988). Mr. Holt's pleadings fail to state a claim for retaliatory discharge based on alleged whistleblowing because he fails to plead a violation of rules, regulation, or law relating to public health, safety, or general welfare and fails to meet an essential element to maintain a prima facie case.

**1. Mr. Holt does not state a claim for whistleblower retaliatory discharge because he does not allege any violations of laws or regulations relating to public health, safety, or general welfare.**

Kansas adheres to the employment-at-will doctrine. *Ortega v. IBP, Inc.*, 255 Kan. 513, 516, 874 P.2d 1188 (1994). An employer can discharge an at-will employee "for good cause, for no cause, or even for a wrong cause, without incurring liability to the employee for wrongful discharge." *Morriss v. Coleman Co.*, 241 Kan. 501,508, 738 P.2d 841 (1987). Kansas has recognized a public policy exception, the tort of retaliatory discharge, to this employment-at-will doctrine. The exception is limited and narrowly construed by the courts. *Aiken v. Business & Indus.*

*Health Group*, 886 F. Supp. 1565 (D. Kan. 1995) (stating retaliatory discharge is an exception to employment-at-will and "[t]he exception is a narrow one and applies only if the discharge seriously contravenes public policy"); *Riddle v. Wal-Mart Stores, Inc.*, 27 Kan. App. 2d 79, 998 P.2d 114 (2000) (recognizing "public policy concerns which contravene the employment-at-will rule are few and narrowly defined"). Kansas courts have only recognized the tort of retaliatory discharge in three situations: (1) retaliation for exercising ones rights under workers' compensation laws; (2) retaliation for exercising ones rights under the Federal Employers Liability Act; and (3) where an employee is discharged for good faith reporting or threatening to report the employer's serious infraction of rules, regulations, or law pertaining to public health, safety, and the general welfare (hereinafter the "whistleblower exception"). *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *3 (D. Kan. Aug. 22, 2008); *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1268 (10th Cir. 2008).

The Kansas Supreme Court held the whistleblower exception is necessary so "citizens in a democracy [can] be protected from reprisals for performing their civil duty of reporting infractions of rules, regulations, or the law pertaining to public health, safety, and the general welfare." *Palmer,* 242 Kan. 893, (1988). The exception is in place to both encourage citizens to report crimes and ultimately protect them from retaliation. *Ortega v. IBP, Inc.*, 255 Kan. 513, 517 (1994). Whistleblowing retaliation claims "must be based on violations of **specific** and **definite** rules, regulations, or laws." *Goodman v. Wesley Med. Ctr., L.L.C.*, 276 Kan. 585, 78 P.3d 817, 822 (2003). Kansas law requires that employers actually violate a statue at issue in order for a retaliation claim to proceed. A speculative or anticipated violation is not enough. *Fowler v. Criticare Home Health Servs. Inc.*, 10 P.3d 8, 16 (Kan. App. 2000).

Mr. Holt was an at-will employee. Mr. Holt, without any factual predicate, alleges Foot

Locker committed securities fraud, violating K.S.A. 17-12a501[9] and obstruction, violating K.S.A. 17-12a505[10]. The conduct which serves as a basis for Mr. Holt's claim includes failing to "accurately account for inventory."[11] Alleged violations of K.S.A. 17-12a501 and K.S.A. 17-12a505 by allegedly not accurately accounting for inventory, does not pertain to public health, safety, and the general welfare as required under whistleblower exception. Kansas courts have routinely recognized this exception only when there is a clear public health, safety, or general welfare concern. *See, e.g., White v. General Motors Corp., Inc.*, 908 F.2d 669 (10th Cir. Kan. 1990) (complaint of defective brakes on vehicles manufactured by defendant); *Moyer*, 20 Kan. App. 2d (1994) (truck driver reporting equipment failures and violations of DOT regulations); *Palmer,* 752 P.2d 685 (1988) (employee reporting falsifying billing reports to Medicaid).

> **2. Mr. Holt's does not state a claim for whistleblower retaliatory discharge because he does not allege facts sufficient to show that Foot Locker had knowledge of Mr. Holt's alleged reporting.**

To maintain the action for retaliatory discharge, plaintiff must prove they **reported** an alleged violation of the law. *See Goenner v. Farmland Indus., Inc.*, 175 F. Supp. 2d 1271, 1280 (D. Kan. 2001) (characterizing whistleblowing as a "report bringing to light illegal conduct"). An employee must seek to stop the unlawful conduct, either inside or outside the company. Although an employee is not required to report to an outside agency, in *Connelly v. State Highway Patrol*,

---

[9] Under K.S.A. 17-12a501, it is unlawful for a person "in connection with the offer, sale, or purchase of a security, directly, or indirectly" to: (1) employ a device, scheme, or artifice to defraud, (2) make an untrue statement of a material fact, or omit a material fact necessary to make a statement not misleading, or (3) engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

[10] Under K.S.A. 17-12a505, it is unlawful to: (a) make or cause to be made, in a record for an action or proceeding, a statement that is false or misleading or omit to state a material fact necessary to make the statement not false or misleading, (b) intentionally influence, coerce, manipulate, or mislead any person in connection with financial statements or appraisals to be used in the offer, sale, or purchase of securities for the purpose of rending them materially misleading, (c) alter, destroy, shred, mutilate, or conceal to impede any investigation or impair the object's availability for use in a proceeding, and (d) retaliate against a person for providing truthful information relating to a violation.

[11] Plaintiff First Amended Complaint ¶ 10

the Kansas Supreme Court recognized some, but not every instance, of internal reporting is actionable whistle-blowing. 271 Kan. 944, 26 P.3d 1246 (2001). An employee's complaints related to disagreement with an employer's actions does not directly constitute as reporting under the whistleblowing exception. *Conrad*, 237 F. Supp. 2d at 1267 ("[w]orkplace discussions and disagreements do not give rise to whistleblower claims unless the plaintiff actually reports illegal conduct by the employer"); *Goenner*, 175 F. Supp. 2d at 1280 (whistleblower retaliatory discharge exception "was not meant to endow every workplace dispute over the water cooler on company practices"); *Aiken*, 886 F. Supp. at 1575 (noting Plaintiff's personal views are not public policy); *Goodman*, 78 P.3d at 822-23 (noting it would be troublesome to allow a retaliatory discharge action to stand based on a plaintiff's personal opinion of wrongdoing). The courts in *Conrad, Goenner, Aiken, and Goodman* have held to constitute as a report, rather than a mere workplace dispute, an employee must make their report to a higher authority.

Mr. Holt's complaints about Foot Locker's activities does not constitute as reports in which a retaliatory discharge claim can be maintained. Mr. Holt did not agree with the requests from management regarding the reporting of transactions.[12] Mr. Holt asserts he expressed his opinion to his supervisor and one other director regarding the "unusual reports."[13] These disagreements continued, with Mr. Holt voicing his beliefs only to his direct supervisor.[14] Mr. Holt failed to report these alleged "security fraud" or "obstruction" to any higher or outside authorities. Mr. Holt therefore fails to sufficiently allege an essential element of his whistleblower retaliatory discharge claim. Accordingly, Foot Locker is entitled to a judgment on the pleadings dismissing the claim against them.

---

[12] Plaintiff First Amended Complaint ¶ 10.
[13] *Id.* at ¶ 12.
[14] *Id.* at ¶ 14, 15, 16.

IV.   **CONCLUSION**

Mr. Holt failed to allege facts sufficient to state a claim for whistleblower retaliatory discharge. The alleged violations of law by Foot Locker in no way pertain to public health, safety, or general welfare concerns, only to financial reporting. Moreover, Mr. Holt does not allege facts sufficient to show he actually reported any believed violations of law. Rather, Mr. Holt only expressed his opinions about inventory violations to his supervisor. For those reasons, Foot Locker's Motion for Judgment on the Pleadings should be granted and judgment should be entered in favor of Foot Locker.

Dated: November 23, 2021            Respectfully submitted,

                                    SHOOK, HARDY & BACON L.L.P.


                                    By: _/s/ Ashley N. Harrison_____

                                    William C. Martucci, D. Kan. #70145, Mo. Bar #28237
                                    Ashley N. Harrison, D. Kan. #78667, Mo. Bar #66202
                                    Emily M. Pedersen, pro hac vice
                                    2555 Grand Blvd.
                                    Kansas City, MO 64108-2613
                                    Telephone: 816.474.6550
                                    Facsimile: 816.421.5547
                                    wmartucci@shb.com
                                    aharrison@shb.com
                                    epedersen@shb.com

                                    ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2021, I electronically served the foregoing using the court's electronic filing system, which sent notice to the following counsel of record:

Randall W. Brown
*Randy@ThornberryBrown.com*
Stephen C. Thornberry
*Steve@ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF

  */s/ Ashley N. Harrison*
Attorney for Defendant Foot Locker

4842-7952-2303 v3